THE POPLAR MOUNTAIN COAL CO. ET AL. *v.* R. K. DICK ET AL.

**Public Lands—Notice to Person in Possession.**

The enclosure of land to which the commonwealth has title, will not, ipso facto, make a patent covering it void; but if it was so held

at the time the patentee surveys and enters it, the statute requires that he shall give the party in possession notice of his intention to appropriate it, and the party in possession, may within the time prescribed by statute perfect his title.

### Public Lands—Patent—Presumption.

After a patent has been issued for land the law will presume that it was properly issued, in the absence of any evidence to the contrary.

### Ejectment—Instruction.

An instruction that any outstanding title superior to the title of plaintiffs, without regard to the holder thereof, is sufficient to defeat recovery, is erroneous, as the jury are not told what constitutes a superior title, and are not confined to the evidence in determining whether a superior title exists.

### Ejectment—Instruction.

An instruction that "If the land in contest was the property of the defendant, R. K. Dick, prior to and at the time of the survey and grant of the eighty-eight acre patent, to plaintiffs, the jury ought to find for the defendant," given without qualification, is erroneous.

### Estoppel—To Deny Title to Land.

Where plaintiffs had execution levied on the land in controversy in their favor and had it sold as the property of the defendants or either of them and received the proceeds of the sale, or if the sale was made with plaintiff's knowledge, and they got the proceeds of the sale, they are estopped to deny the title of the defendants to the land.

### Adverse Possession—Ouster.

Where a party lives on land and holds under an older and superior grant, claiming the whole of the land, he is constructively possessed to the extent of his boundary, and can not be ousted of any part thereof except by actual entry and inclosure within his boundary, but where a party lives on land claiming under a junior patent, he may be ousted by one holding under the older grant, without the actual enclosure.

### Boundaries—Natural Objects—Courses and Distances.

In locating land natural objects called for in the patent must govern, but if they have been destroyed and can not be located, then the courses and distances given must be resorted to; but there can be no reason why courses should prevail over distances called for.

APPEAL FROM CLINTON CIRCUIT COURT.

January 9, 1874.

OPINION BY JUDGE PETERS:

On the 20th of July, 1867, the commonwealth granted to Wm. A. Hoskins 88 acres of land on Indian Creek in Clinton County. Subsequent thereto R. K. & S. M. Dick entered upon and took possession of a part of the land covered by the patent to Hoskins; and this action was brought by Hoskins, etc., against said Dicks, to recover possession of the land; and a judgment having been rendered in favor of the defendants in the action, the plaintiffs have appealed to this court.

At least a part of the land was unappropriated when Hoskins made his survey and entry and procured his patent, and R. K. Dick then did and still owns several distinct parcels of land adjoining to, and, as he contends, conflicting with the claim of Hoskins. Whether the patents under which the parties respectively claim, do interfere, is not made out satisfactorily by the evidence, and this court would not, therefore, interpose, if the instructions given to the jury on motion of appellees, had conformed to the law applicable to the case.

By the first instruction given on motion of appellees, the jury are informed, in effect, that if the land or any part of it granted to Hoskins, was covered by an elder patent, the grant to Hoskins was void to the extent that the land was previously "inclosed" or patented, thereby presenting the proposition in the alternative, and telling the jury that if any part of the land was merely enclosed at the date of the patent to Hoskins, to the extent of such enclosure, his patent was void. The enclosure of land to which the commonwealth retained the title, will not, *ipso facto,* make a patent covering it void. If it is so held at the time the patentee surveys and enters it, the statute requires that he shall give the party in possession notice of his intention to appropriate it. And the party in possession may, within the time prescribed by statute, perfect his title. But after a patent is issued for the land by the commonwealth, the law will presume that it was properly issued, in the absence of any evidence to the contrary. Consequently the instruction was erroneous, so far as it authorized the jury, to find for the defendants to the extent that any of the land had been enclosed before Hoskins' patent issued.

The second instruction submits the legal question to the jury to determine what is a superior legal title. It states the proposition

broadly to the jury thus: Any outstanding title superior to the title of plaintiffs, without regard to the holder thereof, is sufficient in law to defeat a recovery herein. They are not told what constitutes a superior title, nor are they confined to the evidence before them to determine whether a superior outstanding title exists, but they were at liberty, according to the instruction, to satisfy themselves of the existence of such title otherwise than by the evidence in the cause.

The third instruction reads as follows: "If the land in contest was the property of defendant, R. K. Dick, prior to and at the time of the survey and grant of the 88-acre patent to plaintiffs, the jury ought to find for the defendants." This instruction refers the question to the jury to determine what constitutes property, in real estate, and the character of property therein that will be sufficient to defeat an action for the recovery thereof. They are authorized by that instruction to conclude that the possession of the land by appellees, constitutes such property therein as would authorize them to find a verdict for the defendant. If the land in controversy was vacant land at the time Hoskins entered it and procured his patent, there could be no adverse holding until the land was patented. The title was in the commonwealth, and time could not run against it. Instruction "No. 5," given without qualification, was erroneous.

A party living on land and holding under the elder and superior grant, and claiming the whole of the land, is constructively possessed to the extent of his boundary, and cannot be ousted of any part thereof except by actual entry and enclosure within his boundary; but a party living on land, claiming under a junior patent, may be ousted by one holding under the elder grant, without an actual inclosure, and instruction "No. 6" should have been qualified to conform to this view.

If appellant had an execution levied on the land in controversy, in their favor, and had it sold as the property of appellees, or either of them, and received the proceeds of the sale, or if such levy and sale was made with their knowledge, and they got the proceeds, they would be estopped to deny the title of appellees to so much of the land as was thus levied on and sold; but there should be evidence of these facts in the record. It only proves the levy and sale.

In locating land, natural objects called for in the patent must govern; but if they are destroyed and cannot be found, then the courses and distances given must be resorted to to ascertain the

true location. But there is no reason why the courses should prevail over the distances called for. The distances called for limit the extent of the line, unless it be extended to reach a natural object called for. Instruction eight was therefore misleading.

All the instructions asked for by appellants were refused. Instruction "No. 1" was not as full and comprehensive as it should have been; the exception should not have been confined to such as may have been covered by the patent of Owen for 50 acres, but to any patent of prior date, if any such existed.

Instruction "No. 2" was properly refused, nor should "No. 3" have been given. All that the court should have said to the jury on that subject was that if they believe from the evidence, that the land sued for lay within the patent for 88 acres, and that, at the time this action was brought, appellees were in possession, and the same was not covered by a patent older in date than the one appellants claim under, the law was for them.

Instruction "No. 4" asked by appellants should not have been given, because if the patent to Owen was made to include 100 or 150 acres more than it should have done, either by fraud or mistake, a court of equity was the proper form to afford redress. But for the errors indicated the judgment must be reversed and the cause remanded for a new trial, and for further proceedings consistent herewith.

*J. A. Brent, for appellants.*

*James, for appellees.*

